■ JUNE SCHNEIDER, Respondent, v. RICHARD L. SCHNEIDER, Appellant.— In an action for a divorce and for other relief, the defendant appeals from an order of the Supreme Court, Kings County, entered June 8, 1965, which (1)

(a) on the plaintiff's motion restrained defendant from initiating arbitration with reference to the support, maintenance and education of the infant daughter of the parties; (b) directed a hearing with respect to the quantum of such support; and (2) denied defendant's motion to stay, pending arbitration, plaintiff from proceeding with her motion or with any other application to fix the amount of such support. Order reversed, without costs, and defendant's motion granted on condition that defendant initiate arbitration proceedings by the service of a notice to that effect upon plaintiff's attorney within 10 days after the date of entry of an order hereon. In our opinion, the statute (CPLR 1209), which prohibits a controversy involving an infant from being submitted to arbitration, except by court order, applies only where an infant is a party. However, a controversy between the husband and wife involving the amount to be paid by the husband for the support, maintenance and education of the issue of the parties is not one to which the infant is a party. Therefore, a provision in a separation agreement for arbitration of such a controversy is enforcible. It has been so held after the enactment of CPLR 1209 (*Sheets* v. *Sheets*, 22 A D 2d 176). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.